GEORGE M. BRADY, ET AL.,[1] PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 40673–40683. Promulgated March 6, 1931.

*Hugh C. Bickford, Esq., G. Ridgely Sappington, Esq.,* and *R. Kemp Slaughter, Esq.,* for the petitioners.
*J. R. Johnston, Esq.,* for the respondent.

---

[1] Other parties petitioning whose proceedings have been consolidated herewith for hearing and decision are: Milton C. Davis; William M. Maloy; John T. Hill; Estate of Edwin W. Adams; Robert P. Simpson; Charles H. Benson; John W. Backer; Albert H. Carrill; L. L. Chambers; T. Edward Hambleton.

600

601

OPINION.

BLACK: The main point of controversy in these proceedings arises over whether the transaction by which the Baltimore Trust Company acquired the assets and going business of the bank of Hampden was a sale of stock by the stockholders of the bank to the Baltimore Trust Company or whether it was a sale of the assets of the bank by the Bank of Hampden, as a corporation, to the Baltimore Trust Company and a subsequent liquidation and dissolution of the bank by paying out all the money received for its assets to its stockholders in consideration of their surrendering to a liquidating agent for the Bank of Hampden their stock for cancellation. The respondent has determined that the latter state of facts represents the true nature of the transaction and that the transferor corporation made a profit of $74,451.06 in the transaction, and has computed the deficiency accordingly and asserted liabilities against petitioners as transferees.

The facts leading up to the sale as well as those connected with its consummation and the subsequent liquidation of the Bank of Hampden have been fully stated in our findings of fact and need not be repeated in this opinion. As we interpret the evidence it appears to us that the Bank of Hampden sold its assets to the Baltimore Trust Company. The resolutions of the stockholders of the bank are all to this effect, as well as the actual documents of conveyance. The corporation simultaneously with the sale of assets passed resolutions of liquidation which were carried out before the end of the year by its own officers. While it is true that the original offers

were made on the basis of a purchase of the shares of stock at $40 per share, as soon as there was an apparent acceptance of the offer the transaction was then placed in the hands of the attorney for the Baltimore Trust Company and from that time on every entry in the minutes of the Bank of Hampden is to the effect that the assets were being sold. The agreed price was an amount which would result in a liquidating dividend of $40 per share. We do not consider it important that this price was paid through a liquidating agent instead of to the corporation direct. The Bank of Hampden ceased to function as an actual business enterprise on Saturday, October 24, 1925. On Monday, October 26, 1925, the banking business which it had formerly conducted was opened as the "Hampden Office of the Baltimore Trust Company." Its former president, then vice president in charge of the Hampden office of the Baltimore Trust Company, received the $200,000 as liquidating agent of the Bank of Hampden and proceeded to liquidate the only assets of the corporation by means of checks on the institution, to which all its assets had been sold. Dissolution as required by statute was performed by the former directors of the Bank of Hampden. So far as we can see from the evidence there was never any transfer or delivery of stock of any kind to the Baltimore Trust Company and no stock was ever issued to it.

The contention that the delivery of stock to the liquidating agent of the Bank of Hampden for cancellation, because he happened to have his office at what had then become the Hampden branch of the Baltimore Trust Company, was a delivery of the stock to the Baltimore Trust Company under a contract of purchase, we think can not reasonably be maintained. In *Southern Ice & Fuel Co.*, 10 B. T. A. 1213, and *Taylor Oil & Gas Co.*, 15 B. T. A. 609, we had proceedings before us where it was contended that the sale of assets to the purchasing corporation was made by the stockholders of the corporation about to be liquidated, and dissolved, and not by the corporation itself. In each of these cases we held that the sale of assets was made by the corporation, subsequently liquidated and dissolved, and we approved the determination of the Commissioner in fixing the deficiency against the selling corporation and in holding the stockholders who had received liquidating dividends liable for the amount of the tax to the extent of the liquidating dividends which they had received.

While the facts in *Southern Ice & Fuel Co.*, *supra*, and *Taylor Oil & Gas Co.*, *supra*, are not identical with the facts in the instant case, we think there is no difference of substance in them and on the authority of those cases we affirm the determination of the Commissioner in the instant case. Even if, upon the sale of the capital assets by the Bank of Hampden to the Baltimore Trust Company,

the shares of stock had been surrendered by the stockholders of the Bank of Hampden to the Baltimore Trust Company, we do not think the nature of the transaction as evidenced by the documents of sale would have been changed from one of sale by the corporation of its assets to one of sale of stock by the stockholders. The documents introduced in evidence show a sale by the Bank of Hampden of all its assets to the Baltimore Trust Company and its subsequent liquidation in accordance with the laws of the State of Maryland.

As to the transferee liability of petitioners, we further cite *Henry Cappellini et al.*, 14 B. T. A. 1269; *Grand Rapids National Bank*, 15 B. T. A. 1166; *Annie G. Phillips et al., Executors*, 15 B. T. A. 1218; *Robert N. Parrett*, 15 B. T. A. 1313; and *J. W. Oglesby, Jr., et al.*, 16 B. T. A. 1191. Also *John Gerosa*, 21 B. T. A. 1234, and *Frank Shlaudeman*, 21 B. T. A. 605.

In his amended answer the respondent has increased the liability of the petitioners, George M. Brady and William M. Maloy, as transferees, over that which was asserted in the deficiency letters, on account of the partnership of Maloy and Brady having received $14,000 in liquidation of 350 shares. We have found that Maloy and Brady each owned a one-half interest in the 350 shares held by the partnership, and each received one-half of the $14,000 received in liquidation by Maloy and Brady. This makes them transferees under the authorities which we have cited above.

> *Accordingly, as to petitioners George M. Brady and William M. Maloy, judgment will be entered under Rule 50. As to the remaining petitioners, judgment will be entered for the respondent.*